Dennis **FELTINGTON**, Appellant,

v.

**MOVING PICTURE MACHINE OPERATORS' UNION LOCAL 306 OF I. A. T. S. E., Robert Alter and Steve D'Inzillo, Appellees.**

No. 287, Docket 80–7261.

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1980.

Decided Dec. 12, 1980.

891

Burton H. Hall, New York City (Hall, Clifton & Schwartz, New York City, of counsel), for appellant.

Philip D. Tobin, New York City (Cohn, Glickstein, Lurie, Ostrin, Lubell & Lubell, New York City, Marc Rauch, New York City, of counsel), for appellees.

Before LUMBARD, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Dennis Feltington appeals from the order of Judge Gerard L. Goettel of the Southern District of New York, entered on February 25, 1980 and made final by an order of March 25, 1980, which denied Feltington's motion for reinstatement to the Moving Picture Machine Operators' Union Local 306 of I. A. T. S. E. Feltington originally brought suit seeking injunctive relief allowing him to remain in the Union and damages for violations of the federal labor laws and state law, arising out of events which were connected with Feltington's expulsion from the Union. After a jury trial, Judge Goettel rendered judgment for the Union and dismissed Feltington's suit. On appeal, we held that the Union had deprived Feltington of his right to a fair trial under § 101(a)(5)(C) of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401 *et seq.*, because the union tribunal which had adjudged Feltington guilty of misconduct was identical to the union tribunal which had previously judged him guilty, but whose original decision was overturned by I. A. T. S. E.'s president because no stenographic record of the proceedings had been kept. *Feltington v. Moving Picture Machine Operators*, 605 F.2d 1251 (2d Cir. 1979). We also held that Feltington was entitled to a jury trial on his claims of damages as a result of the Union's failure to grant Feltington a fair union proceeding. We specified, however, that while damages could be recovered for any mental or emotional distress which resulted from the Union's deprivation of procedural rights, if it was found that Feltington would have been adjudged guilty of misconduct by an impartial tribunal, no damages could be awarded for losses suffered as a result of such expulsion itself.

Our opinion was filed on July 17, 1980. Shortly thereafter, Feltington moved in the district court for an order granting reinstatement. Judge Goettel was uncertain as to the proper manner in which to proceed, but he believed that our opinion held that if he should find that Feltington would have been found guilty by an impartial union tribunal, then no relief, legal or equitable, was required. Therefore, relying upon the testimony of the various witnesses whom he had observed during the course of the jury trial, over which he had presided, Judge Goettel found that Feltington would have been found guilty by an unbiased tribunal and thereupon denied the request for reinstatement.

Because he was unsure whether this course of action was proper under our opinion, Judge Goettel, at the request of Feltington's counsel, immediately certified his ruling for appeal under 28 U.S.C. § 1292(b). Instead of allowing leave to appeal, however, the panel which had heard the first appeal sought to provide guidance to the district court by amending its earlier opinion. On September 26, 1979, therefore, our first opinion was amended to state that Feltington was "entitled to reinstatement as a member of the Union, subject to expulsion only after a full and fair hearing before an unbiased tribunal." Footnote 10 of the opinion which noted that "other traditional discretionary grounds for denying equitable relief may apply" to disallow reinstatement was also amended. To make clear to the district court that this language did not empower the district court to disallow reinstatement based upon its own findings as to the merits of the dispute, after the phrase quoted above, the phrase "e. g. laches or unclean hands" was added to footnote 10.

Thereafter, Feltington once again moved the district court for an order requiring reinstatement. Feltington's counsel argued that the amendments made clear that the district court's findings as to whether or not Feltington would have been found guilty by the Union were immaterial to the question of reinstatement. Judge Goettel, however, read the amendment to footnote 10 as granting him equitable discretion to deny reinstatement on the same grounds as before, but requiring him to cast those grounds in terms of "unclean hands," a requirement he thought to be a "foolish formalism." Because he believed that we might have objected to his "looking back" to the merits of the Union dispute, he found that whether he looked to the merits or whether he choose not to find Feltington a credible witness, Feltington was guilty of "unclean hands" and he was not entitled to any equitable relief. Judge Goettel made his order denying the motion for reinstatement a "final order."

We believe that Judge Goettel misinterpreted the amendments to our original opinion. The amendments were made to clarify that reinstatement was a proper remedy unless it was found, for some reason unrelated to the merits of the dispute, such as lapse of time or improper behavior, that no equitable relief should be allowed. The question as to whether or not Feltington would have been found guilty by an impartial union tribunal was relevant only to the question of damages awardable as a result of the Union's failure to afford an impartial tribunal.

We had thought it was abundantly clear that Feltington had never been properly expelled from the Union and that expulsion could be accomplished only by an impartial tribunal, of which none of those persons constituting the panel which found him guilty could be members. Accordingly, we reverse the district court's order denying the motion for reinstatement and direct the district court to enter an order reinstating Feltington as a member of the Union, subject to expulsion only after a full and fair hearing before an unbiased union tribunal pursuant to § 101(a)(5)(C) of the LMRDA. We also note that Feltington's claims for damages as a result of the Union's failure to afford him an impartial tribunal are still to be determined. We believe our original opinion provides clear guidance on the types of damages which would be recoverable on such claims. 605 F.2d at 1258. It might be best if, before deciding the damage claims,

proper time was allowed to afford the Union an opportunity to retry Feltington before an unbiased tribunal.

Reversed and remanded for further proceedings consistent with this opinion.